**STEELE WHOLESALE BUILDERS SUP-PLY COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**STEELE LUMBER COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. Nos. 4652, 4653.

United States District Court
N. D. Texas,
Fort Worth Division.

Oct. 30, 1963.

McGowan, Godfrey, Logan & Decker, by Warren Shipman, III, Fort Worth, Tex., for plaintiffs.

Barefoot Sanders, Dallas, Tex., by T. Gary Cole, Jr., Asst. U. S. Atty., Fort Worth, Tex., for defendant.

BREWSTER, District Judge.

Separate actions by the private corporations, Steele Lumber Company and Steele Wholesale Builders Supply Company, for refund of income taxes alleged to have been erroneously assessed and collected are considered together because the facts in each case are undisputed and raise the same legal question.

The Court has jurisdiction of the parties and the subject matter. 28 U.S.C.A. § 1346(a) (1).

The question in each case is whether the Commissioner of Internal Revenue properly disallowed the deduction claimed for a contribution by each corporation to the trust created to administer its employees' profit-sharing retirement plan. The parties stipulate that determination of the question will depend up-

on whether the execution and delivery by a solvent corporation of a secured, interest bearing, negotiable note, payable on or before a certain date, with a fair market value at all times equal to its face value, constitutes payment within the meaning of Section 404 of the Internal Revenue Code of 1954.

At all times material to this litigation, each of the plaintiffs was a solvent corporation and had in existence its own employees' profit-sharing retirement plan. Such plans were administered by the Steele Lumber Company Employees' Profit-Sharing Retirement Plan Trust. It is stipulated that the trust qualified as a profit-sharing plan under Sections 401(a) and 401(a) (3) of the Internal Revenue Code of 1954, and that it was exempt from taxation under Section 501(a) of such Code.

Each of the corporations was an accrual basis taxpayer operating on a fiscal year. During the 1960 taxable year of each corporation, compensation accrued on account of its employees under its profit-sharing plan. Though there were some complications that have become immaterial in view of the stipulations of the parties, it is now conceded that book entries properly reflect such accruals. The only possible claim of payment of the amount of compensation due by either corporation depends upon the delivery to the Steele Lumber Company Employees' Profit-Sharing Retirement Plan Trust of the following notes payable to the trust:

(1) A promissory note in the principal sum of $5,009.54, executed by plaintiff, Steele Wholesale Builders Supply Company, dated July 14, 1960, payable on or before one year after date, with interest at 6% per annum. The note was adequately secured by assignment of the maker's accounts receivable.

(2) A promissory note in the principal sum of $32,615.00, executed by plaintiff, Steele Lumber Company, dated October 13, 1960, payable on or before one year after date, with interest at 6% per annum. The note was adequately se-cured by a chattel mortgage on all the maker's inventory and raw materials.

Each note was delivered on the date it bore, and had a fair market value equal to its face value during its existence. The amounts of the notes complied with the terms of the profit-sharing trust agreement and came within the statutory limits.

Each corporation paid the full amount of the principal and accrued interest on its note on February 15, 1961.

Each of the plaintiffs listed its note to the trust as a deduction in its income tax return for its fiscal year ending after July 14, 1960. Upon audit of the returns the Commissioner disallowed the deductions on the basis that the notes to the trust did not constitute payments to the profit-sharing plans under Section 404 of the Internal Revenue Code of 1954. Additional income taxes were accordingly assessed against each of the plaintiffs and were paid by them. Proper and timely claims for refund were disallowed, and each of the plaintiffs duly filed its suit to recover the amount so paid and interest.

The only authority directly in point on the question here involved is Wasatch Chemical Company v. Commissioner of Internal Revenue, 9 Cir., 1963, 313 F.2d 843. Under the principle announced in that case, each of the notes here given constituted payment of the contributions of its maker made at such time as to permit it to be deductible on the income tax return of such maker for the fiscal year ending in 1960.

The suit as originally brought by Steele Lumber Company also asserted a claim for refund based on an alleged improper disallowance of certain deductions for accrual of bonuses to its employees. The stipulations filed after pretrial discovery concede the correctness of the Commissioner's determination of that matter; so that question is settled against the Steele Lumber Company.

Judgment will be entered for each plaintiff for the amount of the tax and interest illegally collected from it under

the circumstances above set out, together with interest as provided by law.

This opinion will serve as findings of fact and conclusions of law under Rule 52(b), F.R.Civ.P.